IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| NANCY B. MURPHY | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-510 |
| | § | |
| | § | |
| JO ANNE B. BARNHART, | § | |
| COMMISSIONER OF SOCIAL SECURITY | § | |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Nancy B. Murphy's action pursuant to 42 U.S.C. § 405(g) of the Social Security Act, requesting judicial review of a final decision of the Commissioner of the Social Security Administration denying her claim for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et. seq.* Both parties have filed Motions for Summary Judgment. After considering the parties' motions and the record in this case, the Court submits its Report and Recommendation to the District Court.

**Background**

Plaintiff filed her application with the Commissioner on April 23, 2001, claiming that her disability began on March 27, 2000, due to tendonitis in her elbow and right shoulder impingement. Transcript ("Tr.") at 94, 103. Plaintiff also has Hepatitis C for which she underwent treatment.

At the time she filed her application for disability benefits in April 2001, Plaintiff, whose date of birth is November 4, 1951, was approximately 49 years old. Tr. at 94. She graduated from

high school and attended college for one year. Tr. 29-30. She lists her work experience as that of a computer attendant for a phone company for about four years, and an operator for a phone company for approximately 18 years. Tr. at 104. Plaintiff describes her job as an operator to include answering the telephone and providing customers with phone numbers. Tr. at 104. She further describes that the job required the use of technical knowledge or skills, involved duties which included writing or completing reports, and, while not her main duty, involved supervision of other people. Tr. at 104.

Plaintiff's application was denied at the initial and reconsideration stages. Tr. at 66-67. She requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held before an ALJ on February 20, 2003. Tr. at 25-65. Plaintiff was assisted at the hearing by an appointed, non-attorney, representative. Tr. at 23-24, 27. On May 29, 2003, the ALJ issued an unfavorable opinion. Tr. at 12-22. The ALJ made the following determinations:

1. The claimant met the disability insured status requirements of the Act on March 27, 2000, the alleged onset date of disability, and continues to meet them at least through the date of this decision.

2. The claimant has not engaged in substantial gainful activity during the relevant period under consideration.

3. The claimant has the following severe medically determinable impairments: tendonitis of the right elbow, right shoulder impingement, and hepatitis.

4. The claimant's impairments, singly or in combination, do not meet or equal in severity the medical criteria for any impairment described in the Listings.

5. The testimony concerning subjective symptoms and functional limitations is not wholly credible or supported by the evidence as a whole insofar as the claimant alleges an inability to perform all work activity including a limited range of light work.

6. The claimant retained the residual functional capacity for light work from March 27, 2000, to July 2000. From July 2000 to January 2001, the claimant was unable to

       perform even sedentary work.  As of January 2001, the claimant could perform at least sedentary work.  The claimant cannot work overhead with her right upper extremity or do pushing or pulling.  The claimant is, however, able to grasp and do fine work with her right hand.  The claimant has full use of her left upper extremity.

7. The claimant cannot do her past relevant work as a directory assistance operator, office helper, or sales clerk.

8. The claimant's vocational profile is that of a younger individual until November 4, 2001, when she became an individual closely approaching advanced age.  The claimant has high school equivalency education and transferable skills.

9. The claimant (considering age, education, skills, work history, and residual functional capacity) can perform the following occupations: telephone answering service clerk, information clerk, referral and information clerk, and receptionist.  Such jobs exist in a significant number in the regional and national economies.

10. Considering the claimant's medical-vocational profile within the framework of Rules 201.25 and 201.22 of Appendix 2 of the Regulations, a finding of "not disabled" is warranted.

11. The claimant was not under a "disability," as defined in the Act, at any time through the date of this decision.

Tr. at 21-22.  Plaintiff requested review by the Appeals Council and, on July 14, 2005, the Appeals Council considered Plaintiff's requests for review and concluded that there was no basis for granting the request for review.  Tr. at 5-7.  The decision of the ALJ thereby became the final decision of the Commissioner, and it is from this final decision that Plaintiff brings this action.

## Discussion

      A federal court reviews the Commissioner's denial of benefits only to ascertain whether (1) the final decision is supported by substantial evidence and (2) the Commissioner used the proper legal standards to evaluate the evidence.  *Brown v. Apfel*, 192 F.3d 472, 473 (5th Cir. 1999).  Substantial evidence is defined as being more than a scintilla and less than a preponderance and of such relevance that a reasonable mind would accept it as adequate to support a conclusion.  *Ripley*

*v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). If the Commissioner's findings are adjudged to be supported by substantial evidence, then such findings are conclusive and must be affirmed. *Id*. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). A court does not re-weigh the evidence, try the issues *de novo* or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision. *Id.* Conflicts in the evidence are for the Commissioner, not the Court, to resolve. *Brown*, 192 F.3d at 496.

A claimant bears the burden of proving she suffers from a disability under the Social Security Act. *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992). The mere presence of an impairment does not necessarily establish a disability. *Id.* A claimant is only disabled within the meaning of the Social Security Act if she has a medically determinable physical or mental impairment lasting at least 12 months that prevents her from engaging in substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). To determine whether an individual is disabled, the Commissioner utilizes the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(b)-(f). If the Commissioner decides at any step along the way that an individual is not disabled, the evaluation process comes to a halt at that particular step and proceeding further becomes unnecessary. *Barajas v. Heckler*, 738 F.2d 641, 643 (5th Cir. 1984). If, however, the claimant shows that she is disabled under the first four steps, the burden then shifts to the Commissioner at the fifth step to demonstrate that the claimant can perform other substantial work in the national economy. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). Finally, only if the final step in the process is reached does the fact-finder consider the claimant's age, education, and work experience in light of her residual functional capacity. *See Rivers v. Schweiker*, 684 F.2d 1144, 1152-1153 (5th Cir. 1982).

Plaintiff's challenge in this case is limited to the ALJ's step five determination that she can perform a significant number of jobs existing in the national economy because she alleges it is not supported by substantial evidence. Plaintiff does not, however, challenge the ALJ's assessment of her residual functional capacity ("RFC"), nor does she contest the adequacy of any hypothetical that the ALJ posed to the vocational expert ("VE"). Instead, Plaintiff alleges: (a) the VE's testimony that she acquired skills from her past work that are transferrable to new occupations is unreliable; (b) the VE's testimony is unreliable because two of the jobs identified by the VE exceed Plaintiff's specific vocational preparation rating; (c) the VE's testimony conflicted with the Dictionary of Occupational Titles ("DOT") classification of the skill level demanded by the occupations of information clerk and receptionist, and the ALJ did not resolve this conflict; and (d) after eliminating the positions Plaintiff's was unable to perform, substantial evidence does not support that the Commissioner met her burden of establishing that Plaintiff's skills were transferrable to a significant number of jobs in the national economy. The Commissioner, in contrast, contends that there is substantial evidence in the record to support the ALJ's determination at step five, that the decision comports with applicable law, and that it should therefore be affirmed.

### *Transferability of Skills Issue*

Plaintiff explains that the determination of the transferability of her work skills was integral to finding that she is not disabled. She contends that the skills the VE identified as transferrable skills are not skills. *See* Pl's Mot. at 16, fn. 3. The Commissioner refutes the Plaintiff's contentions. Def.'s Mot. at 6-7.

A "skill" is defined as "knowledge of a work activity that requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through

5

performance of an occupation that is above the unskilled level." Social Security Ruling ("SSR") 00-4p. A skill gives a person a special advantage over unskilled workers in the labor market. *See* SSR 82-41.

A skill is considered "transferable"when "the skilled or semi-skilled work activities [the claimant] did in the past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work." *Surkand v. Barnhart*, 51 Fed.Appx. 483, *1 (5th Cir. 2002) (citing to 20 C.F.R. § 404.1568(d)(1)); *see also*, SSR 82-41. Adding further guidance, Social Security Ruling 82-41 provides that a skill is likely to be transferrable to a new job when (1) the same or a lesser degree of skill is required, because people are not expected to do more complex jobs than they have actually performed (*i.e.*, from a skilled to a semi-skilled or another skilled job, or from one semiskilled to another semiskilled job); (2) the same or similar tools and machines are used; and (3) the same or similar raw materials, products, processes or services are involved." 20 C.F.R. § 404.1568(d)(2)(i)-(iii); SSR 82-41(4)(a). It is not, however, necessary for there to be complete similarity of all three factors. 20 C.F.R. § 404.1568(d)(3).

The identification of a skill and the determination that it is transferable can be established through the testimony of a vocational expert. 20 C.F.R. § 404.1566(e); *Sotout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993). In the present case, the ALJ elicited the assistance of vocational expert Dr. Pamela Lewis to identify whether Plaintiff obtained any transferable skills from her past semiskilled job. As reflected in the administrative record, Dr. Lewis has worked in the area of rehabilitative services and consultation since 1970. Tr. 63. Dr. Lewis gave expert testimony that Plaintiff's past job as a telephone directory operator was a semi-skilled job from which she acquired skills of "telephone switchboard operation" and "supplying information to the public." Tr. at 62. The VE

then testified that Plaintiff's skills were transferrable to sedentary, semi-skilled occupations and gave, as examples, jobs which included "telephone answering service clerk, information clerk, referral and information clerk[,] and also some receptionist positions." Tr. at 62.

In addition to the VE's testimony, Plaintiff explained her past work as an operator included answering the telephone and providing customers with phone numbers and that the job required the use of technical knowledge or skills, involved duties which included writing or completing reports, and, while not her main duty, also involved the supervision of other people. Tr. at 104.

The ALJ's finding, that Plaintiff possessed transferrable skills and that these skills are transferrable to the positions identified by the VE, is supported by substantial evidence in the record. *See e.g.*, *Anglin v. Massanari*, 2001 WL 1002820, *2 (9th Cir. 2001) (interacting with others and responding to telephone inquiries in a business setting was determined to be a skill); *Butler v. Barnhart*, 2005 WL 1593049, *2 (D.Minn. 2005) (claimant's ability to greet patrons and operate phones in a professional setting were properly considered transferable skills); *Surkand v. Barnhart*, 2001 WL 1518292, * 4-5 (E.D. La. 2001) (operating the phone and interacting with others in a business setting found to be a skill).

The Court, therefore, **RECOMMENDS** that Plaintiff's Motion be **DENIED** and Defendant's Motion be **GRANTED** on this point.

### *The Specific Vocational Preparation Issue*

Plaintiff explains that her past relevant work as a directory assistance operator is considered a sedentary, semi-skilled occupation and, as classified by the DOT, has a Specific Vocational

Preparation ("SVP")[1] rating of 3. Pl.'s Mot. Ex. A. Although the VE's testimony did not include the particular DOT job numbers, Plaintiff goes on to explain that her review of the DOT leads her to identity the following specific job titles that she considers to be consistent with the VE's testimony:

> Information Clerk, DOT # 237.367-022 (SVP 4)
> Receptionist, DOT # 237.367-038 (SVP 4)
> Referral and Information Aide, DOT # 237.367-042 (SVP 3), and
> Telephone-Answering-Service Operator, DOT, 235.662-026 (SVP 3).

Pl's Mot. at 10, 16; Ex. C-D. Plaintiff thereafter asserts that two of the positions identified by the VE (*i.e.*, receptionist and information clerk) have SVP ratings that exceed the SVP rating for her past work. Relying on SSR 00-4p, 82-41, and the Ninth Circuit's decision in *Terry v. Sullivan*, 903 F.2d 1273 (9th Cir. 1990), Plaintiff maintains that the VE's testimony that she can perform jobs with a higher SVP rating is inconsistent with the legal standard for "transferability." Pl.'s Mot. at 10-11. This Court disagrees.

As explained by Plaintiff, under the DOT, the job of directory assistance operator has a SVP rating of 3, meaning that it would take over one month and up to and including three months to learn the job. This places the job of directory assistance operator in the category of semi-skilled work. However, as stated previously, SSR 82-41 provides, in relevant part, that a skill is likely to be transferrable to a new job when (1) the same or a lesser degree of skill is required, because people are not expected to do more complex jobs than they have actually performed (*i.e.*, from a skilled to

---

[1] The DOT defines Specific Vocational Preparation ("SVP") as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." U.S. Dept. of Labor, *Dictionary of Occupational Titles,* 4th Ed. - Revised 1991. The level time of a SVP3 is "over 1 month up to and including 3 months," and SVP4 is "over 3 months up to and including 6 months." *Id.*

a semi-skilled or another skilled job, or *from one semiskilled to another semiskilled job*). SSR 82-41. Under the rules, semi-skilled occupations encompass both SVP 3 and 4. SSR 04-4p (stating that "unskilled work corresponds to an SVP of 1-2; semi-skilled work corresponds to an SVP of 3-4; and skilled work corresponds to an SVP of 5-9").

Moreover, the VE testified that, while unable to perform her past work, Plaintiff could perform other work and gave, as examples, a telephone answering clerk, information clerk, referral and information clerk, and some receptionist positions. Tr. at 62. The VE did not identify the specific DOT job numbers that corresponded with her testimony.[2] Initially, however, the Court observes that, in reviewing the DOT, the descriptions of telephone answering service operator and referral and information aide are consistent with Plaintiff's SVP rating and, as such, concludes substantial evidence exists in the record to support that she could perform these jobs.[3] Turning to the other jobs identified, the Court observes that it was the testimony of the VE that Plaintiff could

---

[2] Plaintiff cites to no requirement that a VE's testimony include DOT job numbers, nor is this Court able to find one.

[3] Plaintiff appears to suggest in her Motion that she is unable to perform the position of telephone answering service clerk. Pl's Mot. at 16, fn 3. She contends that because the VE testified that she was not able to perform her past work as a directory assistance operator, it stands to reason that she would also not be able to perform work as a telephone answering service clerk because, based on her comparison of the two DOT descriptions, "the demands of the two occupations are virtually identical" with the exception of the "fingering activities" required. *Id.* To the extent Plaintiff challenges the ALJ's determination on this basis, it is without merit. The Fifth Circuit has expressly recognized that "the DOT is not comprehensive, in that it cannot and does not purport to include each and every specific skill or qualification for a particular job." *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000). Instead, a vocational expert is called to testify because "[t]he value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." *Fields v.* Bowen, 805 F.2d 1168, 1170 (5th Cir. 1986). For this reason, the Court has acknowledged that "the DOT job descriptions should not be given a role that is exclusive of more specific vocational expert testimony with respect to the effect of an individual claimant's limitation on his or her ability to perform a particular job." *Carey*, 230 F.3d at 145.

9

perform "some receptionist" positions. Tr. at 62. As the Commissioner points out in her Motion (Def.'s Mot. at 8), the DOT actually contains another receptionist position, also referred to as an appointment clerk (DOT # 237.367.010), which has a SVP rating of 3. *Haas v. Barnhart*, 91 Fed. Appx. 942, 948 (while vocational expert did not provide DOT numbers, Court found that there were jobs included in the DOT which were consistent with the jobs identified by the expert and consistent with the RFC assessment). Similarly, the DOT contains at least three job titles that correspond with the position of information clerk, two of which do not exceed Plaintiff's SVP rating.[4] *Id*. The VE's testimony was not inconsistent with the legal standard for "transferability." *See id*.

Although Plaintiff relies on the Ninth Circuit's decision in *Terry v. Sullivan* to support her argument on this point, that case is clearly distinguishable. In particular, unlike the instant case, in *Terry* the claimant was 62 years old and, due to her advanced age, the regulations mandated that the ALJ give special consideration to the transferability of her skills. 20 C.F.R. Subpart P Appx 2, §§ 201.00(f), 202.00(f); SSR 82-41(4)(c).

Accordingly, for all the reasons stated, the Court is not persuaded that the ALJ erred in relying on the VE's testimony and concludes that substantial evidence existed which supports the ALJ's finding that Plaintiff was not disabled.[5]

---

[4] DOT # 237.367-018 (information clerk); DOT # 237.367-046 (alternate title is information clerk). U.S. Dept. of Labor, *Dictionary of Occupational Titles,* 4th Ed. - Revised 1991.

[5] The ALJ also determined, based on the VE's testimony and "considering the claimant's residual functional capacity and vocational profile within the framework of Rules 201.15 and 201.22 [of the Medical-Vocational Rules of Appendix 2, Subpart P, Regulations No. 4] a finding of not disabled is warranted." Tr. at 21.

The Court, therefore, **RECOMMENDS** that Plaintiff's Motion be **DENIED** and Defendant's Motion be **GRANTED** on this point.

*Conflict Between VE Testimony and DOT Issue*

Plaintiff claims the VE's testimony is unreliable because it conflicted with the DOT description of the demands of the particular jobs in terms of the SVP ratings. Pl.'s Mot. at 12. She also claims that since the ALJ failed to resolve the conflict, substantial evidence does not establish that the Commissioner satisfied her burden at step five. The Commissioner maintains that the DOT "represents approximate maximum requirements for each position rather than a range," and "the categorical requirements" found in the DOT "cannot satisfactorily answer every [ ] situation." Def.'s Mot. at 8-10. The Commissioner further maintains that the ALJ properly relied upon the VE's testimony because, in accordance with the SSR 00-4p, the ALJ asked the VE whether there would be any conflict between her testimony and the DOT and the VE responded there was not. Def.'s Mot. at 9.

The Fifth Circuit has addressed the manner in which conflicts between the testimony of a vocational expert and DOT provisions should be handled. In *Carey v. Apfel*, 230 F.3d 131 (5th Cir. 2000), the Court detailed the split among the circuits regarding this issue (*id*. at 144-45), and then adopted a middle-ground approach under which an ALJ may rely on a VE's testimony that is in conflict with the DOT as long as the record reflects an adequate basis for doing so. *Id*. at 146-47. Under this approach, neither the DOT nor the vocational expert testimony is *per se* controlling, and the Court pronounced this way of handling such conflicts "more straightforward." *Id*. at 147. This approach is not dissimilar to that set forth in the recently promulgated Social Security Ruling 00-4p, "Policy Interpretation Ruling: Titles II and XVI: Use of Vocational Expert and Vocational Specialist

Evidence, and Other Reliable Information in Disability Decisions," under which the ALJ must elicit a reasonable explanation for the conflict before relying on the testimony of a VE or VS rather than the DOT.[6]

However, the Fifth Circuit has also made clear that:

> . . . all kinds of implicit conflicts are possible and the categorical requirements listed in the DOT do not and cannot satisfactorily answer every such situation. Moreover, claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing.

*Id.* at 146-47.

Here, consistent with SSR 00-4p, the ALJ asked the VE if her testimony conflicted with the DOT or the manual of Selected Characteristics of Occupations defined in the revised Dictionary of Occupational Titles. Tr. at 63. The vocational expert testified that it did not. Tr. at 63. To the extent that a conflict actually existed, Plaintiff did not bring it to the ALJ's attention. Nothing in SSR 00-4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct. *Gibbons v. Barnhart*, 85 Fed.Appx. 88, 92-93 (10th Cir. 2003) (finding ALJ had no duty to investigate whether conflicts exist between a vocational expert's testimony and the DOT where the expert stated that the DOT was the source of his information and the claimant raised no conflict); *Carey*, 230 F.3d at 146-47 (finding ALJ properly relied on unchallenged testimony of VE where conflict between VE's testimony and DOT was not

---

[6] SSR 00-4p sets forth the actions required of an ALJ when there is an apparent conflict between the testimony of the VE and the DOT. The SSR 00-4p does not address what to do when a conflict is not apparent.

evident and claimant, who had the opportunity to object and challenge the VE's testimony at the hearing, failed to do so).

Moreover, an administrative law judge does not necessarily commit error when he relies on the testimony of a vocational expert that is different from, or inconsistent with, job descriptions set forth in the Dictionary of Occupational Titles and the definitional requirements for jobs listed in the DOT. *Carey*, 230 F.3d at 146. As clarified by SSR 00-4p, "the DOT lists the *maximum* requirements for a position as it is generally performed, not the full range of requirements." *Haas*, 91 Fed.Appx. at 948. "Clearly, 'the categorical requirements listed in the DOT do not and cannot satisfactorily answer every such situation.'" *Id*. (citing *Carey*, 230 F.3d at 146). Therefore, the VE's identification of such positions that Plaintiff could perform at a sedentary level, given her RFC and her transferrable skills, is not necessarily in conflict with the DOT. *See id*.

Although Plaintiff relies upon *Bagwell v. Barnhart*, 338 F.Supp.2d 723 (S.D.Tex. 2004) to support her position, the Court finds that case distinguishable. In particular, in *Bagwell*, the ALJ expressly concluded that the claimant could never stoop, yet one of the specific jobs identified by the VE in his testimony (*i.e.,* library page) directly and obviously conflicted with the DOT's description of the particular job title because it required frequent stooping, which was clearly outside the claimant's RFC. *Id*. at 737-38. Unlike the instant case, it is unclear whether the ALJ in *Bagwell*, consistent with SSR 00-4p, ever asked the VE if there was any conflict. Furthermore, unlike *Bagwell*, in the instant case the VE's testimony was that Plaintiff could perform the jobs of information clerk or some receptionist positions and, as discussed, this does not wholly conflict with the DOT.

Since the DOT contains an information clerk and a receptionist position that are consistent

13

with Plaintiff's SVP rating, this Court is not persuaded that the VE's testimony directly and obviously conflicted with the DOT. Moreover, any proposal for remand of this matter would result in an elevation of form over substance. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (procedural perfection is not always possible in cases of this nature). Accordingly, the Court finds that the ALJ properly relied upon the VE's testimony and the record reflects an adequate basis for doing so. *Carey*, 230 F.3d at 146; *Haas*, 91 Fed. Appx. At 948. Substantial evidence existed to support the ALJ's findings that Plaintiff was not disabled for purposes of the Social Security Act.

The Court therefore **RECOMMENDS** that Plaintiff's Motion be **DENIED** and Defendant's Motion be **GRANTED** on this point.

### *Significant Number of Jobs Issue*

Plaintiff argues that because the VE's testimony was limited to a cumulative number jobs available for all the positions identified and, since the information clerk and receptionist jobs referred to by the VE cannot properly be considered, substantial evidence does not support that a significant number of referral and information clerk and telephone answering service clerk jobs exist in the national economy. Pl's Mot. at 15-17.

For the reasons discussed above, the Court disagrees. The VE's clear and unchallenged testimony in this case was that, considering Plaintiff's RFC, she could perform other work existing in the requisite numbers in the regional and national economies. The ALJ did not err in relying on the VE's testimony. Substantial evidence exists in the record to support that the Commissioner carried her burden of establishing that Plaintiff could perform work existing in significant numbers in the national economy and, thus, she was not disabled for purposes of the Social Security Act.

The Court therefore **RECOMMENDS** that Plaintiff's Motion be **DENIED** and Defendant's

Motion be **GRANTED** on this point.

## Conclusion

For all the reasons stated above, this Court concludes that the ALJ used the proper legal standards to evaluate the evidence and that substantial evidence existed to support the Commissioner's finding that Plaintiff was not disabled for purposes of the Social Security Act. The Court, therefore, **RECOMMENDS** that the Plaintiff's Motion for Summary Judgment (Instrument No. 12) be **DENIED;** Defendant's Motion for Summary Judgment (Instrument No. 17) be **GRANTED;** and that this action be **DISMISSED**.

The Clerk shall send copies of this Report and Recommendation to the Parties. The Parties **SHALL** have until **March 13, 2007**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections shall be mailed to the Clerk's Office, P.O. Drawer 2300, Galveston, Texas 77553. **Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____26th_____ day of February, 2007.

_____
John R. Froeschner
United States Magistrate Judge