IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| NANCY B. MURPHY | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-510 |
| | § | |
| | § | |
| MICHAEL J. ASTRUE, COMMISSIONER | § | |
| OF SOCIAL SECURITY ADMIN.[1] | § | |

**ORDER**

Before the Court is the Report and Recommendation of the United States Magistrate Judge entered on February 26, 2007, recommending that the Commissioner's Motion for Summary Judgment be granted and that the Plaintiff's Complaint be dismissed. Plaintiff has filed her objections in a timely manner.

In her Objections, Plaintiff initially clarifies that she does not dispute the ALJ's determination at Step 1 through 4. (Pl.'s Obj. at 3). Plaintiff also now concedes that she acquired skills in her past work as a Directory Assistance Operator and that the vocational expert ("VE") identified three occupations (*i.e.*, Telephone Answering Service Clerk, Referral and Information Clerk, and Appointment Clerk/Receptionist) as other sedentary, semi-skilled occupations to which

---

[1] The previous named Defendant in this action was Jo Anne B. Barnhart. Effective February 12, 2007, Michael J. Astrue became Commissioner and, under Rule 25(d)(1) of the Federal Rules of Civil Procedure, is automatically substituted as the defendant in this case.

Plaintiff retains transferrable skills. (Pl.'s Obj. at 4). Plaintiff's primary objection to the Report and Recommendation centers on the issue of whether the ALJ improperly relied upon the VE's testimony when determining that she had transferrable skills for all of the four occupations identified by the VE. In particular, Plaintiff claims that one of four occupations identified by the VE, the occupation of Information Clerk, exceeds her skill level and, therefore, cannot properly be considered. In addition, although the issue was not reached by the Magistrate Judge in the Report and Recommendations since he determined the ALJ did not err, Plaintiff further objects that, since the Information Clerk occupation cannot properly be considered, substantial evidence does not support that the remaining three occupations exist in significant numbers in the local and national economy because the VE's testimony was limited to a cumulative total for all four jobs identified.

Having given this matter *de novo* review under 28 U.S.C. § 636(b)(1)(C), this Court finds merit in Plaintiff's Objections. In particular, with regard to her primary objection, this Court agrees that the occupation of "Information Clerk," which was identified by the VE in her testimony, is inconsistent with Plaintiff's SVP rating. *See* Social Security Rulings ("SSR") 00-4p; 82-41. This inconsistency poses an apparent conflict between the VE's testimony and the DOT that should have been properly resolved by the ALJ. SSR 00-4p. This Court concludes that the ALJ's acceptance of the VE's testimony that Plaintiff had transferrable skills consistent with the occupation of Information Clerk, without resolving the apparent conflict in the DOT, was error. *See id.* For these reasons, the Court **REJECTS** the Magistrate Judge's Report and Recommendation on this issue.

2

Not every error, however, is necessarily prejudicial. *See Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988); *Stafford v. Barnhart*, 402 F.Supp.2d 717, 724 n. 12 (E.D. Tex. 2005) (citing *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989)). In this case, notwithstanding the ALJ's error, the Court observes that three of the four occupations identified by the VE were consistent with the criteria, a point which Plaintiff concedes herein. (Pl.'s Obj. at 3-4). Accordingly, this Court concludes substantial evidence exists which supports the ALJ's determination that the Plaintiff was capable of performing other work. *See Morris*, 864 F.2d at 335-36.

Nevertheless, as argued by the Plaintiff, a critical issue remains as to whether the Commissioner met his burden in establishing that other jobs that Plaintiff could perform existed in a significant number since the VE's testimony was limited to an aggregate number for all four of the occupations. (Tr. at 62). As explained by Plaintiff, this issue was not addressed in the Report and Recommendation since the Magistrate Judge concluded there were Information Clerk jobs that existed within Plaintiff's acquired skill level. This Court, having concluded that the ALJ erred in considering the Information Clerk jobs, agrees that the Commissioner's finding cannot be found to be supported by substantial evidence. While it might seem feasible for this Court to infer that a significant number of jobs remain after discounting the Information Clerk position, given the testimony that the jobs taken together existed in a significant number in the national economy (Tr. at 62), this Court is unwilling to made such a speculative inference. Furthermore, in the opinion of this Court, making such a finding is not the proper role of the District Court. Accordingly, the Court

concludes that this matter must be remanded in order to determine whether the remaining three positions identified by the Commissioner, exist in significant numbers in the national economy.

This Court, having given this matter *de novo* review under 28 U.S.C. § 636(b)(1)(C), **REJECTS** the Report and Recommendation only as to the issues discussed herein, and further finds that, with the exception of these issues, the Report and Recommendation is correct, and, therefore, it is **ACCEPTED** by this Court on all other points and incorporated by reference herein.

It is, therefore, **ORDERED** that Plaintiff's Motion for Summary Judgment (Instrument No. 12) is **GRANTED in PART** and **DENIED in PART**; Defendant's Motion for Summary Judgment (Instrument No. 16) is **GRANTED in PART** and **DENIED in PART**; and, in accordance with this Order, this action is hereby **REMANDED** to the Social Security Administration for further proceedings pursuant to 42 U.S.C. § 405(g) in order to determine whether Plaintiff can perform work that exists in significant numbers in the economy.

**DONE** at Galveston, Texas this 2nd day of April, 2007.

Samuel B. Kent
United States District Judge