UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NANCY B. MURPHY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:05-CV-00510 |
| § | |
| MICHAEL J. ASTRUE, § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY ADMINISTRATION, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Attorney Fees and Court Costs (Doc. No. 28). The motion seeks fees and costs incurred in Plaintiff's ultimately successful appeal of Defendant's decision to deny her social security disability claim.

I. Background

As detailed in her Motion for Summary Judgment (Doc. No. 13), Plaintiff originally brought this appeal to argue that the testimony of the vocational expert ("VE") at her administrative hearing was unreliable, and that Defendant's decision to deny her social security disability benefits, which depended on the VE's testimony, was therefore not based on substantial evidence. Judge Samuel Kent[1] assigned the case to Magistrate Judge John Froeschner, who, after considering cross motions for summary judgment, responses, and replies, recommended that Defendant's decision be affirmed. (Report and Recommendation, Doc. No.

---

[1] This case was originally assigned to Judge Kent. On January 10, 2008, after remanding this case to the Social Security Administration (Order, Doc. No. 26), but before deciding this motion, Judge Kent recused himself (Order, Doc. No. 31), and the case was reassigned.

24.) Plaintiff filed her objections to Magistrate Judge Froeschner's recommendations (Doc. No. 25), and after considering her arguments, Judge Kent declined to adopt the recommendations in their entirety and remanded the case to the Social Security Administration. The chief ground for Judge Kent's decision to remand was that the Administrative Law Judge ("ALJ") failed to resolve the "apparent" conflict between the VE's testimony and the *Dictionary of Occupational Titles* ("*DOT*") as required by SSR 00-4p with regard to the job of "Information Clerk," which despite having a higher specific vocational preparation level than Plaintiff's past relevant work, was counted among the jobs that the VE identified as available in the regional and national economies to individuals in Plaintiff's circumstances. (Order, Doc. No. 26.)

Plaintiff now brings this motion under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), to recover the fees and costs incurred in litigating this appeal.

## II.   ANALYSIS

To award fees under the EAJA, the Court must find both that the claimant was a "prevailing party" in the phase of the litigation for which fees and costs are sought, and that the position of the United States was not "substantially justified." 28 U.S.C. § 2412(d). As to the first finding, Defendant does not dispute that Plaintiff was the prevailing party in this appeal by virtue of Judge Samuel Kent's decision to remand the case pursuant to 42 U.S.C. § 405(g). (*See* Def.'s Opp'n to Pl.'s Mot., Doc. No. 29.) Therefore, the only contested issue before the Court is whether the government's position was "substantially justified" for purposes of the EAJA.

Substantial justification under the EAJA requires only that the government's position have a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 n.2 (1988); *Estate of Baird v. C.I.R.*, 416 F.3d 442, 446 (5th Cir. 2005). It is not enough, however, that the

government's position is reasonable in the appeals phase of the litigation. Rather, the Court must consider the reasonableness of the government's position at all phases of the litigation, including the reasonableness of the underlying government action at issue. 28 U.S.C. § 2412(d)(2)(D) (defining "position of the United States" to include "the action or failure to act by the agency upon which the civil action is based").[2] Importantly, the government bears the burden of proving substantial justification for its position. *Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir. 1986).

As Judge Kent's Order (Doc. No. 26) makes clear, the discrepancy between the VE's testimony and the *DOT* was apparent, and it therefore should have been resolved by the ALJ. SSR 00-4p. Defendants, who carry the burden of showing substantial justification, point to Magistrate Judge Froeschner's detailed analysis of the ALJ's responsibilities for resolving such conflicts, which, although ultimately not adopted by Judge Kent, argued that the ALJ was not under a duty to elicit a reasonable explanation for the discrepancy at issue (Report and Recommendation, Doc. No. 24, at 11-12). Yet Magistrate Judge Froeschner's Report turned on his judgment that the conflict between the VE and the *DOT* was not apparent. (Doc. No. 24, at 12 n.6.) With this view, the Court cannot, and Judge Kent did not, agree. This discrepancy is evident through a simple comparison of the Plaintiff's specific vocational preparation rating and the plain text of the relevant *DOT* job title. Failing to conduct such a comparison is unreasonable.

Moreover, a VE's assurance that there is no conflict between her testimony and the *DOT*, especially an assurance as general as the one in this case,[3] does not absolve the ALJ of her duty

---

[2] Defendant concedes this point. (Def.'s Opp'n to Pl.'s Mot., Doc. No. 29, at 3-4, citing *Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1084 (9th Cir. 2002).)

[3] The entire exchange regarding possible discrepancies between the VE's testimony and the *DOT* was limited to the following:

> ALJ: Now, any -- and I do have a follow-up question for Dr. Lewis. Doctor, is there anything in your testimony that would conflict with the

to identify and resolve so clear an inconsistency as this. *See* SSR 00-4p (specifying two distinct "affirmative" responsibilities of the ALJ: to ask if there are conflicts, and to obtain a reasonable explanation of all apparent conflicts). In any event, even if the ALJ was justified in relying on the VE's inaccurate assurance that her testimony conformed to the *DOT*, and she was not, Defendant's reliance on Magistrate Judge Froeschner's Report is not enough to carry his burden of proving substantial justification. *Pierce*, 487 U.S. at 569 ("Obviously, the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified.").

Accordingly, the Court finds that the government's position was not substantially justified for purposes of the EAJA.

### III. COMPUTATION OF FEES

Plaintiff's Motion for Attorney Fees and Court Costs (Doc. No. 28) requests $8,770.48 in attorney's fees, plus court costs of $306.00 and expenses of $42.73. These figures reflect the specified EAJA hourly rate of $125 as adjusted for an increase in the cost of living in Dallas/Fort Worth since 1996, as measured by the Consumer Price Index. *See* 28 U.S.C. § 2412(d)(2)(A). Plaintiff's Reply (Doc. No. 30) amends this request to include $926.55 in fees incurred in litigating the instant motion, for a total requested award of $10,045.76. Defendant has not challenged these computations. The Court finds that the requested attorney's fees, including the cost of living increase, and the requested costs and expenses, are reasonable and appropriate.

---

Dictionary of Occupational Titles and the manual Selected Characteristics of<br>
Occupations defined in the revised Dictionary of Occupational Titles?

| | |
|---|---|
| VE: | No. There Wouldn't. |
| ALJ: | All right. |

(Record at 63.)

- 5 -

## IV.  CONCLUSION

Plaintiff's Motion for Attorney Fees and Court Costs (Doc. No. 28) is **GRANTED**. Defendant is **ORDERED** to pay Plaintiff's attorney, Elizabeth Dunlap, attorney's fees under the EAJA in the amount of $9,697.03, plus court costs of $306.00 and expenses of $42.73, for a total of $10,045.76.

**IT IS SO ORDERED.**

SIGNED this 7th day of February, 2008.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT